YOUNG v. HILSENDEGEN.

SALES—PRIMA FACIE CASE—EVIDENCE—DIRECTED VERDICT.
> In an action for goods sold and delivered, testimony by
> plaintiff that defendant admitted the account in the jus-
> tice's court; that monthly statements had been sent to the
> defendant, who paid no attention to them, that in a tele-
> phone conversation defendant said he wished he owed
> plaintiff twice as much, and that the goods were actually
> delivered, made a *prima facie* case justifying a directed
> verdict for plaintiff, where no defense was made.

Error to Wayne; Barton, J., presiding. Submitted
June 26, 1916. (Docket No. 52.)    Decided July 21,
1916.

Assumpsit by Matthew A. Young against George J.
Hilsendegen in justice's court for goods sold and de-
livered. From a judgment for plaintiff defendant ap-
pealed to the circuit court. Judgment for plaintiff on
a directed verdict. Defendant brings error. Affirmed.

*William G. Fitzpatrick* (*William G. Weber,* of coun-
sel), for appellant.

*Barbour, Field & Martin,* for appellee.

This action is brought to recover the price of certain
automobile supplies which the plaintiff claims he sold
the defendant during August, 1914. Suit was com-
menced in justice's court by oral pleadings, and judg-
ment was given the plaintiff in the sum of $209.50.
The defendant appealed to the circuit court, where
plaintiff again prevailed. At the trial in the circuit
court the plaintiff, who was the only witness sworn

on the trial, testified that, after sending defendant several monthly statements of the amount owed by him, he (the plaintiff) called the defendant up by telephone, asking him if he got his mail at the office, to which defendant replied that he did; that plaintiff said he thought probably he did not, as he had not paid any attention to the account, and plaintiff stated that the defendant thereupon said, "I only wished I owed you twice as much"; that the defendant never disputed the account, and admitted it in the justice's court; that he knew that the goods were delivered to the defendant.

At the close of plaintiff's case the defendant requested the trial judge to direct a verdict for the defendant, and before the motion was passed upon the plaintiff stated that he had further proofs to offer, if necessary. The court overruled the motion, to which defendant's counsel excepted, and stated that he had no defense to offer. The plaintiff thereupon moved for a directed verdict, which motion was granted.

BROOKE, J. (after stating the facts). The single question before us raised by the assignments of error seems to be as to the sufficiency of plaintiff's prima facie case. It is the contention of the defendant's counsel that the plaintiff failed to make out his case by either proper or sufficient evidence. To this we cannot agree. Taking into consideration plaintiff's testimony that the defendant admitted the account in the justice's court; that, although monthly statements had been sent to the defendant for several months, no attention had been paid to them by the defendant; the fact that in the telephone conversation in referring to the account the defendant said, "I only wished I owed you twice as much"; and the testimony of the plaintiff that the goods were actually delivered, we are of the opinion that a prima facie case was made. See 31

Cyc. p. 1172; *Rossman* v. *Bock,* 97 Mich. 430 (56 N. W. 777) ; *Pabst Brewing Co.* v. *Lueders,* 107 Mich. 41 (64 N. W. 872)'.

The judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.